# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND SHIELDS,<br><br>        Plaintiff,<br><br>   v.<br><br>CAMDEN COUNTY JAIL,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-6460(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Raymond Shields, Plaintiff Pro Se
405 North 31st Street
Camden, NJ 08105

**SIMANDLE, Chief District Judge:**

## I. INTRODUCTION

Plaintiff Raymond Shields seeks to bring a civil rights Complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below it is clear from the Complaint that the claim arose more than two years before the Complaint

was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff alleges that he was detained in the CCJ in 1996, 1997, 2001, 2003 and 2007. Complaint § III(B). Plaintiff states that he was in an "overcrowded cell sleeping on a[n] unsanitary floor." *Id.* He denies sustaining injuries from these events. *Id.* § IV ("N/A").

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service of the summons and complaint in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

The Complaint alleges that Plaintiff experienced unconstitutional conditions of confinement while detained in the CCJ in 1996, 1997, 2001, 2003 and 2007. Complaint §§ III(B)-(C). Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCJ, namely the alleged overcrowding and sleeping conditions in cells, would have been immediately apparent to Plaintiff at the time of detention; therefore, the statute of limitations for Plaintiff's claims expired in 2009 at the latest, well before this Complaint was filed in 2016. Plaintiff has filed his lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the Complaint that more than two years have passed since Plaintiff's claims accrued, the Complaint is dismissed with prejudice, meaning he may not file an amended complaint concerning the events of 1996, 1997, 2001, 2003 and 2007. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

## V. CONCLUSION

For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**April 17, 2017**                                             **s/ Jerome B. Simandle**
Date                                                               JEROME B. SIMANDLE
                                                                    Chief U.S. District Judge